J-S07035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE J. MADISON | : | |
| | : | |
| Appellant | : | No. 820 WDA 2020 |

Appeal from the PCRA Order Entered July 21, 2020
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000495-2016

BEFORE: SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.: **DATE: April 29, 2021**

Appellant, Lawrence J. Madison, appeals *pro se* from the order entered in the Washington County Court of Common Pleas, which dismissed as untimely his second petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. On December 16, 2016, Appellant entered a negotiated guilty plea to possession of a firearm prohibited, firearms not to be carried without a license, and receiving stolen property. That same day, the court sentenced Appellant to the negotiated aggregate sentence of 5 to 10 years of incarceration. Although Appellant sought, unsuccessfully, to withdraw his guilty plea, he did not seek

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

direct review of his sentence.

On September 13, 2018, Appellant filed his first PCRA petition, alleging ineffective assistance of counsel, namely, counsel's alleged failure to conduct pretrial investigation. (**See** PCRA Petition, 9/13/18, at 2-3). The court appointed counsel to assist Appellant with litigating his first PCRA petition, but counsel ultimately filed a no-merit brief and motion to withdraw pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). After granting counsel's petition, the court denied PCRA relief. This Court affirmed the denial of PCRA relief on December 12, 2019. **See Commonwealth v. Madison**, 225 A.3d 1154 (Pa.Super. 2019) (unpublished memorandum). Thereafter, Appellant filed a petition for allowance of appeal to the Pennsylvania Supreme Court.

While his petition for allowance of appeal was still pending, Appellant filed the instant PCRA petition on February 20, 2020, alleging various grounds for relief, including "after discovered evidence," ineffective assistance of counsel, and "newly discovered" knowledge of the United States Supreme Court's decision in **Garza v. Idaho**, ___ U.S. ___, 139 S.Ct. 738, 203 L.Ed.2d 77 (2019). (**See** PCRA Petition, 2/20/20, at 1-12).

On June 1, 2020, Appellant's petition for allowance of appeal was denied. **See Commonwealth v. Madison**, ___ Pa. ___, 235 A.3d 266 (2020) (*per curiam*). On June 30, 2020, the PCRA court issued Pa.R.Crim.P. 907

notice of its intent to dismiss the petition without a hearing. On July 21, 2020, the court dismissed the petition as untimely. On August 4, 2020, Appellant timely filed a notice of appeal. Appellant filed a voluntary Pa.R.A.P. 1925(b) concise statement on September 23, 2020.

Appellant now raises the following issues for our review:

> Whether the [PCRA] court erred when it found that Appellant's second PCRA petition was untimely and dismissed the petition without a hearing?

> Whether Appellant's trial counsel(s) rendered ineffective assistance, which caused Appellant to enter an involuntary guilty plea by way of inducement?

(Appellant's Brief at 3).

As a prefatory matter,

> Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. **Commonwealth v. Lark**,[2] 560 Pa. 487, 493, 746 A.2d 585, 588 (2000). **See also Commonwealth v. Montgomery**, 181 A.3d 359, 364 (Pa.Super. 2018) (*en banc*), *appeal denied*, [647] Pa. [570], 190 A.3d 1134 (2018) (reaffirming that **Lark** precludes consideration of subsequent PCRA petition while appeal of prior PCRA petition is still pending). A petitioner must choose either to appeal from the order denying his prior PCRA petition or to file a new PCRA petition; the petitioner cannot do both, *i.e.*, file an appeal and also file a PCRA petition, because "prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition." **Commonwealth v. Zeigler**, 148 A.3d 849, 852 (Pa.Super. 2016). In other words, a petitioner who files an appeal from

---

[2] **Lark** was overruled on other grounds by **Commonwealth v. Small**, ____ Pa. ____, 238 A.3d 1267, 1281 (2020).

an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition. *Id.* If the petitioner pursues the pending appeal, then the PCRA court is required under *Lark* to dismiss any subsequent PCRA petitions filed while that appeal is pending. *Lark, supra*.

*Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa.Super. 2019).

Instantly, at the time Appellant filed the instant PCRA petition, his petition for allowance of appeal to the Supreme Court regarding the denial of his first PCRA petition, was still pending. Consequently, the PCRA court lacked jurisdiction to consider the petition and should have dismissed it outright pursuant to *Lark*. *See id.* Accordingly, we affirm the denial of relief on Appellant's current petition, albeit on other grounds. *See Commonwealth v. Reese*, 31 A.3d 708, 727 (Pa.Super. 2011) (*en banc*) (stating appellate court may affirm on any basis as long as ultimate decision is correct).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2021